# 𝔚𝔂𝔱𝔥𝔢𝔟𝔦𝔩𝔩𝔢

## First Buckingham Community, Inc., Et Al. v. Gertrude E. Malcolm, Et Als.

June 9, 1941.

Record No. 2367.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Spratley, JJ.

*Claude O. Thomas* and *Albert V. Bryan,* for the appellants.

*Allen C. Adams* and *Harry W. Porter,* for the appellees.

SPRATLEY, J., delivered the opinion of the court.

The appellants, who were the plaintiffs below, complain of a decree of the trial court holding valid an amendment of the zoning ordinance of Arlington county, enacted in the manner hereinafter stated. The sole question involved is the effect of the parliamentary procedure attending the proceedings of the County Board of that county in respect to the adoption of the amendment.

The County Board of Arlington, which is composed of five members, in 1938, adopted a zoning ordinance for that county. Virginia Code, 1936, section 2880 (k). No amendment, change or modification of that ordinance in case of a protest against the same could become effective except by the favorable vote of four-fifths of all members of the county board. Virginia Code, 1936, section 2880, p. 1.

The appellants and the appellees were the owners of large tracts of adjoining land in the county, which were zoned under the ordinance as an " 'A' Residence District."

On November 22, 1938, Gertrude E. Malcolm made a written request to the county board to amend the zoning ordinance so as to obtain for her land the classification of " 'C' Local Business District."

The plaintiffs, on December 13, 1938, filed a written protest against such rezoning. The application of Mrs. Malcolm came before the board at its regular meeting on December 30, 1938, at which time four members were present. Counsel for both the applicants and the protestants appeared before the board at this meeting. After some discussion, a motion to rezone the Malcolm land as requested was adopted by the favorable vote of all four members present. The meeting was then adjourned until Friday, January 6, 1939, "for consideration of such matters as may properly come before this Board."

The minutes of the adjourned meeting held on January 6, 1939, with all five members present, show that no business of any kind was transacted, and that the board again adjourned until January 10, 1939, "for further consideration of the route of the substitute for the Airport Road and such other matters as may properly come to the attention of the Board."

The adjourned meeting of January 10, 1939, was held with all five of the members of the board present. At this meeting, an attorney representing the plaintiffs appeared before the board, and the minutes state that he requested that the board's action in rezoning the Malcolm property, on December 30, 1938, "be re-heard for the reason that he understood some of the Board members were not aware of the fact that there was opposition to this rezoning."

Whereupon, on motion duly made, seconded and unanimously carried, it was recorded "The Board agreed to reconsider this matter at the Regular Meeting to be held Saturday, January 14, 1939, and the Secretary was requested to notify in writing both Mr. Thomas and Mr. Phillips, Attorney for Mrs. Malcolm, of this fact."

The minutes of the regular meeting of the board held on January 14, 1939, under the caption: *"IN RE* : REQUEST FOR REZONING—GERTRUDE E. MALCOLM,*"* recite that "Mr. Claude Thomas, Attorney representing Buckingham Community, stated he had asked the Board to give this matter further consideration for the reason that some of the Board members had stated that they were not aware of the fact that there was opposition to this rezoning at the time they had voted to grant the request, on December 30. * * *

"Mr. Thomas Phillips, Attorney representing Mrs. Malcolm, stated that * * * from a legal standpoint he considered this property had already been rezoned by the Board.

"Mr. McShea (a member of the Board) made a motion, which was duly seconded by Mr. Ames (a member of the Board), that the Board confirm its action of December 30, 1938, at which time the County Board voted unanimously to grant the request of Gertrude E. Malcolm for rezoning of the described tract from Residential 'A' to Local Business."

Three board members voted in favor of the above motion, and two did not vote. It was declared to be unanimously adopted.

The rules governing the meetings and order of business of the county board, theretofore adopted by it, provide, in part, that the board shall hold regular meetings on the first and third Saturdays in each month, and that "In passing upon any question of procedure, the presiding officer shall be governed by Robert's Rules of Order."

No member of the board, nor the clerk who recorded the minutes, testified in this proceeding.

Briefly stated, the plaintiffs contend that the county board, at its adjourned meeting of January 10th, unanimously voted to reconsider its action of December 30th, in adopting the rezoning amendment, that such reconsideration suspended and vacated the amendment, and

that by no subsequent action did the board adopt by a four-fifths majority vote the original motion to amend.

In passing upon this contention, it is not necessary to consider the power of the board at its adjourned meetings to reconsider its former actions. We may confine ourselves solely to the question whether, under the parliamentary rules whereby the board was governed, the motion of January 10th was merely a simple motion to reconsider, or a motion recording an agreement to take up the question of a reconsideration at a later date.

A fair consideration of the minutes of the board, of the surrounding circumstances and conditions, of the manifest intention of the parties, of the rules of the controlling parliamentary procedure, and of the motion of January 10th all concur to negative the contention of the plaintiffs.

No other conclusion can be reached unless we read the motion of January 10th as merely reciting that "The Board voted to reconsider this matter,"—"this matter" being the adoption of the amendment to the zoning ordinance on December 30th. This we cannot do unless we disregard the language of the motion as recorded and the surrounding facts and circumstances.

On December 30th, the county board, by a unanimous vote of its four members present, adopted the amendment to the zoning ordinance over the oral and written protests of the plaintiffs.

On January 10th, it "agreed" to take up the question of reconsideration at a future meeting. The very nature of the motion as recorded prevented a vote being taken upon it on that day. The "agreement" to take up the question later embodied a direction that notice thereof be given to Mrs. Malcolm. Such notice, of course, was to give her an opportunity to be heard, because of the obvious result which would follow a favorable reconsideration of the amendment to the zoning ordinance.

According to Robert's Rules of Order, Revised, pages 165-168, the motion of January 10th was a motion

entered on the minutes to be considered at a future date. In discussing the difference between this type of motion and a simple motion to reconsider, Mr. Robert says that the former motion cannot be voted upon on the same day on which it is made, but must be taken up and voted upon on the day in the future fixed by the motion itself, where the regular business sessions of the assembly are as often as quarterly.

No motion to reconsider was made or called up to be voted upon at the meeting of January 14th. The vote of the board on that day to confirm its action of December 30th was of no effect. The January 10th motion, to reconsider on a future date, not having been favorably acted upon, no action was necessary to confirm that which was a valid act. The result is that the amendment adopted on December 30th remained in full force and effect, unaffected by the subsequent proceedings.

We find no error in the decree of the trial court and it is affirmed in all respects.

*Affirmed.*